UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-21362-BLOOM/Otazo-Reyes**

NERY VILLAR,

    Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Scottsdale Insurance Company's ("Defendant") Motion to Dismiss, ECF No. [6] ("Motion"). Plaintiff Nery Villar ("Plaintiff") filed a Response in Opposition, ECF No. [15] ("Response"), to which Defendant filed a Reply, ECF No. [18] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.     BACKGROUND**

Plaintiff filed this lawsuit against Defendant in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, on October 8, 2021, setting a service deadline of February 7, 2022. *See* ECF No. [1-2] at 6. In the Complaint, Plaintiff asserts two counts against Defendant: breach of contract ("Count I") and negligence ("Count II"). *See id.* at 7-10. Plaintiff claims that Defendant failed to comply with a homeowner's insurance policy that was in effect on November 8, 2020. *See id.* On May 2, 2022, Defendant removed the case to this Court. *See* ECF No. [1].

In the instant Motion, Defendant argues that Plaintiff did not comply with Fla. R. Civ. P. 1.070 by failing to effectuate service of process within 120 days of filing her Complaint. *See* ECF No. [6] at 5-6. Defendant also claims that prior to filing the Complaint, Plaintiff did not provide the Department of Financial Services with a written Notice of Intent to Initiate Litigation ("Notice"). *See id.* at 6-8. Defendant argues that the Court should, therefore, dismiss the case without prejudice pursuant to Fla. Stat. § 627.70152. *See id.* at 8. Plaintiff responds that dismissal for failure to timely serve is not appropriate and that the Court should not retroactively apply Fla. Stat. § 627.70152 to an insurance policy that was issued before July 1, 2021, when the statute became effective. *See* ECF No. [15].

## II.     LEGAL STANDARD

### A. Service of Process

"In actions removed from state court, the sufficiency of service of process prior to removal is determined by the law of the state from which the action was removed." *Fla. Ltd. Inv. Properties, Inc. v. Deutsche Bank Nat'l Tr. Co.*, No. 21-14039-CIV, 2021 WL 4138552, at *2 (S.D. Fla. Aug. 27, 2021), *report and recommendation adopted*, No. 20-14039-CIV, 2021 WL 4134803 (S.D. Fla. Sept. 10, 2021); *see also Hines v. Regions Bank*, 782 F. App'x 853, 854 (11th Cir. 2019); *Usatorres v. Marina Mercante Nicaraguenses*, S.A., 768 F.2d 1285, 1286 n.1 (11th Cir. 1985).

The Florida Rules of Civil Procedure state, in relevant part, as follows:

> **(j)Summons; Time Limit.** If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period.

Fla. R. Civ. P. 1.070(j).

Rule 1.070 provides a trial judge with broad discretion in granting an extension of time to serve process. *See Premier Cap., LLC v. Davalle*, 994 So. 2d 360, 361 (Fla. 3d DCA 2008). Further, Florida courts have held that "the purpose of Rule 1.070(j) is to speed the progress of cases on the civil docket, but not to give defendants a 'free' dismissal with prejudice." *Miranda v. Young*, 19 So. 3d 1100, 1103 (Fla. 2d DCA 2009) (quoting *Chaffin v. Jacobson*, 793 So.2d 102, 104 (Fla. 2d DCA 2001)). Florida courts have a long-standing policy in favor of resolving disputes on their merits rather than dismissing complaints under Rule 1.070(j). *See Brown v. Ameri Star, Inc.*, 884 So. 2d 1065, 1067 (Fla. 2d DCA 2004).

**B.  Relevant Statute Requiring Pre-Suit Notice**

Florida Statute § 627.70152(3) states, in relevant part:

**(3) Notice.--**

(a) As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department. Such notice must be given at least 10 business days before filing suit under the policy, but may not be given before the insurer has made a determination of coverage under s. 627.70131. Notice to the insurer must be provided by the department to the e-mail address designated by the insurer under s. 624.422. The notice must state with specificity all of the following information:

1. That the notice is provided pursuant to this section.
2. The alleged acts or omissions of the insurer giving rise to the suit, which may include a denial of coverage.
3. If provided by an attorney or other representative, that a copy of the notice was provided to the claimant.
4. If the notice is provided following a denial of coverage, an estimate of damages, if known.
5. If the notice is provided following acts or omissions by the insurer other than denial of coverage, both of the following:
    a. The presuit settlement demand, which must itemize the damages, attorney fees, and costs.
    b. The disputed amount.

    Documentation to support the information provided in this paragraph may be provided along with the notice to the insurer.

> (b) A claimant must serve a notice of intent to initiate litigation within the time limits provided in s. 95.11. However, the notice is not required if the suit is a counterclaim. Service of a notice tolls the time limits provided in s. 95.11 for 10 business days if such time limits will expire before the end of the 10-day notice period.

Fla. Stat. § 627.70152(3).

Further, § 627.70152(5) states, in relevant part:

> (5) **Dismissal of a suit.**--
>
> A court must dismiss without prejudice any claimant's suit relating to a claim for which a notice of intent to initiate litigation was not given as required by this section or if such suit is commenced before the expiration of any time period provided under subsection (4), as applicable.

Fla. Stat. § 627.70152(5).

Lastly, § 627.70152(8)(b) states, in relevant part:

> (8)   **Attorney Fees.**--
>
> (b)   In a suit arising under a residential or commercial property insurance policy not brought by an assignee, if a court dismisses a claimant's suit pursuant to subsection (5), the court may not award to the claimant any incurred attorney fees for services rendered before the dismissal of the suit. When a claimant's suit is dismissed pursuant to subsection (5), the court may award to the insurer reasonable attorney fees and costs associated with securing the dismissal.

Fla. Stat. § 627.70152(8)(b).

## III.   ANALYSIS

### A. Service of Process

Defendant first argues that the Complaint should be dismissed because Plaintiff failed to serve the summons and Complaint on Defendant within 120 days, in violation of Rule 1.070(j). *See* ECF No. [6] at 5-6. Plaintiff responds that Defendant effectively waived its argument on the matter by not properly developing it, and that Rule 1.070(j) is a case management tool rather than a vehicle for sanctions. *See* ECF No. [15] at 4-7. Plaintiff also argues that there was good cause or excusable neglect for untimely service given the Florida Chief Financial Officer's ("CFO")

4

inexplicable failure to serve when Plaintiff first requested service of process through the CFO. *See id.* at 6-7. Defendant replies that Plaintiff has failed to establish good cause or excusable neglect for failing to comply with the timely service requirement. *See* ECF No. [18] at 1-3. Defendant points out that Plaintiff waited 96 days before attempting to serve Defendant through the CFO for the first time and did not seek an extension of time when it became apparent that the CFO would not be able to meet the 120-day deadline. *See id.*

The Court agrees with Plaintiff. As an initial matter, the Court reiterates that the Complaint was filed on October 8, 2022, the service deadline was February 7, 2022, and Plaintiff effectuated service on April 12, 2022. *See* ECF No. [1-2] at 1. Although the service of process was untimely, Plaintiff is persuasive in contending that her counsel's law firm had a system in place and attempted to serve process through the CFO within 96 days of filing the Complaint on January 12, 2022. *See* ECF No. [15] at 6.[1] It appears that the CFO, not Plaintiff, failed to effectuate service in a timely manner despite Plaintiff's good faith effort. Moreover, the Notice of Non-Service from the CFO appears to be internally inconsistent since it indicates that the CFO was unable to serve Defendant because Plaintiff – not Defendant – was not named properly. *See* ECF Nos. [1-2] at 11, [15-1] ¶ 16.[2] Nevertheless, Plaintiff's counsel took active steps to remedy the problem by making a second request upon the CFO to serve Defendant. *See* ECF No. [15-1] ¶¶ 21-23. The Court considers such circumstances to constitute excusable neglect for failure to timely serve, which permits the Court to "extend the time for service for an appropriate period." Fla. R. Civ. P. 1.070(j).

---

[1] Despite Defendant's contention, Plaintiff cannot be faulted to attempting to effectuate service for the first time on January 12, 2022, and not sooner, since the time allowed to effectuate service is 120 days, not 96 days. *See* ECF No. [18] at 2.

[2] Further, Plaintiff represents that Plaintiff was named properly. *See* ECF No. [15] at 6.

5

Further, as noted above, Florida courts have held that "the purpose of Rule 1.070(j) is to speed the progress of cases on the civil docket, but not to give defendants a 'free' dismissal with prejudice." *Miranda*, 19 So. 3d at 1103. As such, although Plaintiff failed to meet the service deadline and did not seek an extension of time to serve, the Court denies Defendant's request to dismiss the Complaint on these grounds. The Court extends the time to serve process to April 12, 2022. Plaintiff need not file proof of service with the Court since the parties agree that Plaintiff has, in fact, served process on Defendant by that date. *See* ECF Nos. [6] ¶ 2, [15-1] ¶ 23, [1-2] at 1.

**B. Pre-Suit Notice**

Defendant next argues that the Court should dismiss the Complaint because Plaintiff failed to comply with the pre-suit notice requirement of Fla. Stat. § 627.70152. *See* ECF No. [6] at 6-8. Defendant submits that the pre-suit notice requirement is procedural, does not change substantive rights under the policy, and can therefore be applied retroactively. *See id.* at 6-7 (citing *Art Deco 1924 v. Scottsdale Ins. Co.*, No. 21-62212-CIV, 2022 U.S. Dist. LEXIS 41999 (S.D. Fla. March 9, 2022)). Even if the statute was substantive, it would be substantive only as to the potential recovery of attorney's fees. *See id.* at 7. As such, the statute would not need to be applied retroactively because the relevant date for the recovery of attorney's fees is the suit filing date, which took place after the statute went into effect on July 1, 2021, not the policy issuance date. *See id.* According to Defendant, "the Court need not go through the analysis to determine whether the elements for retroactive application are met as suit was filed *after* the statute went into effect." *Id.* (emphasis in original). Finally, Defendant argues, in the alternative, that the elements for retroactive application are met given the legislative intent behind the statute and the absence of any violation of vested

rights. *See id.* at 8 (citing *Brown & Brown, Inc. v. Gelsomino*, 262 So. 3d 755, 758 (Fla. 4th DCA 2018)).

Plaintiff responds that courts have held that the statute is substantive and that the pertinent date is the policy issuance date, not the suit filing date. *See* ECF No. [15] at 10-11 (citing *Menendez v. Progressive Exp. Ins. Co., Inc.*, 35 So. 3d 873 (Fla. 2010); *Rosario v. Scottsdale Ins. Co.*, No. 21-CV-24005, 2022 WL 196528, at *1 (S.D. Fla. Jan. 21, 2022); *Broward Design Center, Inc. v. Scottsdale Ins. Co.*, No. 21-CV-60613, 2022 WL 1125787 (S.D. Fla. 2022); *Spyredes v. Scottsdale Ins. Co.*, No. 22-CV-60406 (S.D. Fla. Apr. 14, 2022), ECF No. [19]; *Dozois v. Hartford Ins. Co. of the Midwest*, No. 3:21-cv-951, 2022 WL 952734 at *3, n.2 (M.D. Fla. March 30, 2022)). As such, Plaintiff argues that the statute should not be applied retroactively. Plaintiff further argues that collateral estoppel applies to bar Defendant's argument on this matter because Defendant was the defendant in *Rosario*, where the court held that the statute could not be applied retroactively. *See id.* at 11-12.

The Court agrees with Plaintiff. As an initial matter, the Court notes that the pre-suit notice does not only affect the potential recovery of attorney's fees under Fla. Stat. § 627.70152(8)(b) but also Plaintiff's ability to bring suit under Fla. Stat. § 627.70152(3). As such, Defendant's argument that the applicable date is the date that Plaintiff filed suit – the date at which Defendant had a potential claim for attorney's fees – rather than the date the policy was issued is unpersuasive. Further, the Florida Supreme Court has spoken clearly on the issue of the applicable date. *See Menendez*, 35 So. 3d at 876. The *Rosario* court noted that the Florida Supreme Court instructed courts to "look at the date the insurance policy was issued and not the date that the suit was filed or the accident occurred, because the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract." *Rosario*, 2022 WL 196528, at

*1 (quoting *Menendez*, 35 So. 3d at 876). The date of policy issuance, not the date of filing is the applicable date. Because the date of the issuance, May 20, 2020, was before the effective date of the statute, July 1, 2021, the Court must address whether the pre-suit notice requirement imposes a substantive change that forecloses retroactive application.

Next, in analyzing whether the pre-suit notice requirement imposes a substantive change that forecloses retroactive application, the Court notes that the Florida Supreme Court has held that a statute should not apply retroactively "if the statute impairs a vested right, creates a new obligation, or imposes a new penalty." *Menendez*, 35 So. 3d at 877. As a court in this District determined in *Rosario*, 2022 WL 196528, at *1, the statute at issue does exactly that: it "substantively alters an insurer's obligation to pay and an insured's right to sue under the contract." *Id*. Therefore, this Court similarly determines that the pre-suit notice requirement at issue undoubtedly "creates a new obligation" for Plaintiff and thereby imposes a substantive change that forecloses retroactive application. *Id*.

To the extent that Defendant relies on *Art Deco*, 2022 U.S. Dist. LEXIS 41999, the Court is not persuaded. In *Art Deco*, the court relied on *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1358 (Fla. 1994), to determine that the statute in question is a procedural law that "concerns the means and methods to apply and enforce . . . duties and rights" rather than a substantive law that "prescribes duties and rights." 2022 U.S. Dist. LEXIS 41999, at *4 (quoting *Alamo Rent-A-Car*, 632 So. 2d at 1358). However, in *Alamo Rent-A-Car*, the Florida Supreme Court held that "[t]he establishment or elimination of [] a claim is clearly a substantive, rather than procedural, decision of the legislature because such a decision does, in fact, grant or eliminate a right or entitlement." 632 So. 2d at 1358. The requirement to file pre-suit notice similarly eliminates a right or entitlement to insurance benefits. As such, *Alamo Rent-A-Car*, which *Art Deco* relies upon, and

8

the aforementioned cases from this District, including *Rosario* and *Broward Design*, 2022 WL 1125787, are more persuasive to this Court in determining that the pre-suit notice requirement is a substantive change to the law.

Lastly, the Court is not persuaded by Defendant's argument that even if the statute is considered substantive, the Court can retroactively apply the statute upon consideration of (1) legislative intent and (2) absence of any violation of vested rights. Defendant submits that the Florida legislature intended for the statute to apply retroactively because the statute states that it applies to "all suits . . . arising under a residential or commercial property insurance policy." ECF No. [6] at 8 (quoting Fla. Stat. § 627.70152(1)). However, Defendant's cited case, *Brown & Brown*, states that "a law is presumed to apply prospectively, unless there is a *clear* legislative intent that the law be applied retroactively." 262 So. 3d at 758 (citing *Walker & LaBerge, Inc. v. Halligan*, 344 So.2d 239, 241 (Fla. 1977)) (emphasis added). Defendant's reliance on a single word "all" is insufficient to rebut the presumption of prospective application by showing "clear" legislative intent that the law should be applied retroactively. Reading the statue as a whole, there is no indication that the statute was intended to be applied retroactively, and the word "all" refers all cases arising in the future after the effective date of the statute.

In sum, Defendant's Motion is denied as to this matter. Given the Court's determination, the Court need not address Plaintiff's argument about collateral estoppel.

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [6]**, is **DENIED**.

2. Defendant shall answer Plaintiff's Complaint by no later than **August 10, 2022**.

Case No. 22-cv-21362-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 3, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record