UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21362-BLOOM/Elfenbein

NERY VILLAR,

    Plaintiff,

v.

SCOTTSDALE INSRUANCE COMPANY,

    Defendant.
_____/

## ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Defendant Scottsdale Insurance Company's ("Defendant") Motion for Reconsideration of Order Denying Dismissal for Failure to Comply with Fla. Stat. § 627.70152 ("Motion"), ECF No. [35]. Plaintiff Nery Villar ("Plaintiff") filed a Response in Opposition ("Response"), ECF No. [40], and Defendant filed a Reply, ECF No. [41]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is denied.

**I.   BACKGROUND**

On October 8, 2021, Plaintiff filed he claim against Defendant in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. ECF No. [1-2] at 6. In her Complaint, Plaintiff alleged two Counts against Defendant: Count 1, breach of contract, and Count 2, negligence. *Id*. Defendant removed the case to this Court on May 2, 2022. ECF No. [1]. Defendant filed a Motion to Dismiss, seeking dismissal on two bases: Plaintiff failed to properly serve Defendant within 120 days of filing her initial pleading and therefore failed to comply with Fla. R. Civ. P. 1.070, and Plaintiff failed to provide a written Notice of Intent to Initiate Litigation pursuant to Fla. Stat. § 627.70152. *See* generally, ECF No. [6]. In its Motion to Dismiss, Defendant

noted that "courts have been split" with respect to application of § 627.70152, which Defendant argued was procedural, not substantive in nature, and therefore could be applied retroactively to Plaintiff's claim. *Id*. at 1.

This Court denied Defendant's Motion to Dismiss. The Court's Order ("Order") found that while service was not timely, there was excusable neglect as Plaintiff demonstrated a good faith effort. ECF No. [19] at 5. Consistent with *Miranda v. Young*, 19 So. 3d 1100 (Fla. 2d DCA 2009), "the purpose of Rule 1.070(j) is to speed the progress of cases on the civil docket, but not to give defendants a 'free' dismissal with prejudice." *Id*. at 1103. With respect to Defendant's argument that Plaintiff failed to comply with § 627.70152(3), this Court noted Plaintiff's policy was issued on May 20, 2020, while the effective date of the statute was July 1, 2021. ECF No. [19] at 8. Prevailing Florida law required a finding that § 627.70152(3)[1] imposed a substantive change that foreclosed a retroactive application of the statute in this case. *Id*. at 8-9.

The case proceeded, and on October 7, 2022, Defendant filed its Motion to Compel Appraisal and to Stay, to allow the parties to resolve the dispute and agree on the total payments

---

[1] Florida Statute § 627.70152, states in relevant part:
Suits arising under a property insurance policy.—
(3)  NOTICE.—
(a)  As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department. Such notice must be given at least 10 business days before filing suit under the policy, but may not be given before the insurer has made a determination of coverage under s. 627.70131. Notice to the insurer must be provided by the department to the e-mail address designated by the insurer under s. 624.422. The notice must state with specificity all of the following information:
1.  That the notice is provided pursuant to this section.
2.  The alleged acts or omissions of the insurer giving rise to the suit, which may include a denial of coverage.
3.  If provided by an attorney or other representative, that a copy of the notice was provided to the claimant.
4.  If the notice is provided following a denial of coverage, an estimate of damages, if known.
5.  If the notice is provided following acts or omissions by the insurer other than denial of coverage, both of the following:
a.  The presuit settlement demand, which must itemize the damages, attorney fees, and costs.
b.  The disputed amount.

due to Plaintiff. ECF No. [23] at 2. The Parties filed a Joint Status Report on June 15, 2023, indicating their respective appraisers completed their inspections, arrived at evaluations, and were attempting to reach an agreement. ECF No. [31]. On March 27, 2024, Defendant filed its Notice of Completion of Appraisal, advising the Court that the Parties' appraisers executed an appraisal award, and the check was delivered to Plaintiff on October 25, 2023. ECF No. [33].

Within three weeks, Defendant filed the instant Motion, seeking reconsideration upon the basis that there is an intervening change in law, and its Motion was filed within a reasonable amount of time. *See generally,* ECF No. [35]. Defendant contends that, pursuant to Fed. R. Civ. P. 60(b)(6), dismissal of Plaintiff's Complaint is warranted. *Id*. at 4, 9. Plaintiff responds that there has been no intervening change in law, Defendant has not been diligent, and she would be severely prejudiced at this late stage because the appraisal award has been entered and already paid to her. ECF No. [40] at 1. Defendant replies that its Motion was timely given when the change in intervening law became clear. ECF No. [41] at 4. Defendant also argues that Plaintiff would not be prejudiced by an order granting its Motion because "Plaintiff has been fully indemnified for her loss" and there was no breakdown in the claim adjustment process imputable to Defendant to permit Plaintiff's recovery of attorney's fees and costs. *Id*. at 5.

## II.   LEGAL STANDARD

### A. Motion for Reconsideration

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. Jan. 8, 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. Feb. 18, 1993)).

3

"A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. Apr. 15, 1993) (citations omitted). *See Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1369. Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. Dec. 3, 1992) (internal quotation marks omitted). "'Such problems rarely arise and the motion to reconsider should be equally rare.'" *Burger King Corp.,* 181 F. Supp. 2d at 1369 (citing *Z.K. Marine*, 808 F. Supp. at 1563).

Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. July 25, 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc*., No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc*., 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the

only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. At 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. Dec. 10, 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request"). A motion for reconsideration "is not an opportunity for the moving party … to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citation omitted).

Ultimately, reconsideration is a decision that is "left 'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

### III.   DISCUSSION

#### A. Intervening Change in Law

In its Motion, Defendant argues reconsideration is warranted because after this Court denied its motion to dismiss, Florida's Fourth District Court of Appeals ruled in *Cole v. Universal Prop. & Cas. Ins. Co.*, 363 So.3d 1089 (Fla. 4th DCA 2023) that Fla. Stat. § 627.70152 is procedural, not substantive in nature, and therefore the pre-suit notification requirement in subsection (3) of § 627.70152 applies retroactively to insurance claims. ECF No. [35] at 9. Defendant's argument was one of the bases for the Court's denial of Defendant's motion to dismiss, and Defendant notes *Cole* was the first Florida appellate court to rule on this issue. Defendant further reasons that the Third District Court of Appeals in *Cantens v. Certain Underwriters at Lloyd's London*, 2024 WL 591695 (Fla. 3d DCA 2024) has joined the holding in *Cole*, ruling that § 627.70152 is procedural, not substantive in nature, and therefore, applies

5

retroactively to insurance claims such as these. ECF No. [35] at 9. Defendant points out that between *Cole* and *Cantens*, the Sixth District Court of Appeals ruled otherwise in *Hughes v. Universal Prop. & Cas. Ins*. Co, 374 So.3d 900 (Fla. 6th DCA 2003), finding that § 627.70152 is substantive and not to be applied retroactively to insurance policies issued prior to the effective date of the statute. *Id*. n. 1.

Defendant reasons this is an intervening change in controlling law, and there is no indication that the Florida Supreme Court would rule differently, despite *Hughes*. *Id*. at 7. Defendant relies on two cases from outside this Circuit for support that, in balancing all relevant factors, relief is warranted. *See Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 278 (3d Cir. 2021); *see also Venoco, LLC v. Plains Pipeline, L.P.*, No. 21-55193, 2022 WL 1090947 (9th Cir. Apr. 12, 2022).[2]

Plaintiff responds that reconsideration pursuant to Rule 60(b)(6) is an extraordinary remedy, requires a showing of exceptional circumstances, and the burden is on Defendant to show "that absent such relief, an extreme and unexpected hardship will result." *Gregory v. Adams*, No. 23-13603, 2024 WL 1255317, at *1 (11th Cir. 2024). Plaintiff acknowledges that reconsideration may be permissible based upon "a clear-cut change in the law" but argues that the conflicting opinion from the Sixth District Court of Appeals and the concurrence in a post-*Cantens* case, *Sanchez v. Security First Ins., Co.*, 2024 WL 949223 (Fla. 3d DCA 2024) which noted the panel was bound by *Cantens* but expressed support for *Hughes* preclude a finding that such a change in the law has occurred. ECF No. [40] at 3-4. Moreover, Plaintiff contends even a finding that a clear-cut change in the law has occurred is insufficient to show extraordinary circumstances warranting reconsideration. *Id*. at 3. Finally, Plaintiff points out that the decision in *Cole* was issued "in the

---

[2] The Court notes that Defendant's initial citation was incorrect and will refer to the correct citation as noted by Plaintiff in her Response.

absence of interdistrict conflict [thus binding] all Florida trial courts." *Pardo v. State*, 596 So.2d 665, 666 (Fla. 1992). Plaintiff further argues that, as *Cole* was decided on May 3, 2023, Defendant's delay in filing its Motion for almost one year without explanation is unreasonable. ECF No. [40] at 5. Moreover, as Defendant paid the appraisal award and *then* filed the instant Motion four months later, dismissing the Complaint now would severely prejudice her. *Id*. at 5-6.

Defendant responds its Motion was timely as it moved for reconsideration less than two months after the Third District Court of Appeals decided *Canteras*,[3] which supported the decision in *Cole.* ECF No. [41] at 3. Defendant contends Plaintiff would not be prejudiced if this Court grants its Motion as Plaintiff is not entitled to statutory fees or costs in this action as there was no breakdown in the adjustment of the claim prior to the Complaint being filed in this case, and Plaintiff rushed to the courthouse. *J.P.F. D. Inv. Corp. v. United Specialty Ins. Co.*, 322 F. Supp. 3d 1263, 1270 (M.D. Fla. 2018), aff'd, 769 F. App'x 698 (11th Cir. 2019). Defendant asserts Plaintiff has already been indemnified for her loss and no subsequent action could permit her to recover attorney's fees and costs. ECF No. [41] at 5.

The Court agrees that there has been a change in the law with respect to the pre-suit notification requirement under Fla. Stat. § 627.70152, specifically subsection (3). At the time this Court issued its Order denying Defendant's motion to dismiss, "there existed a 'growing consensus among lower courts' that the pre-suit notice requirement could not be applied retroactively." *Jesus Rock Ministries, Inc. v. Scottsdale Ins. Co*., No. 22-22895-CIV-Altonaga/Damian, 2023 WL 6975827, at *3 (S.D. Fla. Oct. 23, 2023). This Court, and other courts recognized in *Jesus Rock*, concluded that § 627.70152, enacted on July 1, 2021, was a substantive change to the law and could not be applied retroactively. ECF No. [19] at 9. The body of law relied upon by this Court

---

[3] Defendant does not provide the citation for this case. It is most likely Defendant intended to cite to *Cantens v. Certain Underwriters at Lloyd's London*, 2024 WL 591695 (Fla. 3d DCA 2024).

and others included *Menendez v. Progressive Exp. Ins. Co., Inc.*, 35 So. 3d 873 (Fla. 2010); *Rosario v. Scottsdale Ins. Co.*, No. 21-CV-24005, 2022 WL 196528, at *1 (S.D. Fla. Jan. 21, 2022); *Dozois v. Hartford Ins. Co. of the Midwest*, No. 3:21-cv-951, 2022 WL 952734 at *3, n.2 (M.D. Fla. March 30, 2022)).

However, state law has since changed. *Jesus Rock*, 2023 WL 6975827, at *3. In *Cole*, the Fourth District Court of Appeals held the trial court "correctly determined that requiring enforcement of the legislatively enacted pre-suit notice requirement did not impair appellant's substantive rights" and affirmed dismissal of the insured's complaint. 363 So. 3d at 1091. The Fourth District Court of Appeals also determined that "the legislature expressed a clear intent for the statute to apply retroactively" and the provisions in § 627.70152 are related to "process and procedure." *Id*. at 1093. Thus, despite the breadth of federal courts that considered § 627.70152 to be substantive, on May 3, 2023 when the opinion in *Cole* was issued, *Cole* represented the law in Florida. This Court has already held in *Arlen House Condo. Ass'n Inc. v. Rockhill Ins. Co*., No. 22cv-23649-BLOOM/Becerra, 2023 WL 5992142 (S.D. Fla. Sept. 15, 2023) that "the Court must follow *Cole*" which "clarified that the provisions in § 627.70152(3) and (4) are procedural." *Id*. at *8, *10.

Although on May 3, 2023, *Cole* created the change in law at issue in this Motion, Defendant did not move for reconsideration. Instead, on June 15, 2023, shortly after *Cole*, Defendant filed the Joint Status Report indicating the appraisal inspections were complete, and the appraisers were attempting to agree on the amount of the loss. ECF No. [31].

It was not until more than six months after *Cole*, on November 22, 2023, that the Sixth DCA issued its opinion in *Hughes v. Universal Prop. & Cas. Ins. Co,* 374 So.3d 900 (Fla. 6th DCA 2003) holding "Florida Supreme Court precedent requires us to hold that section 627.70152

does not apply retroactively to insurance policies entered into before the statute's effective date" because there is no clear evidence the legislature intended the statute to apply retroactively, and finding the statute is substantive in nature and cannot be applied retroactively. *Id*. at 910. The *Hughes* court certified the conflict. *Id*. Nevertheless, that conflict did not preclude Defendant from filing a motion for reconsideration.

As the Eleventh Circuit held in *Bravo v. U.S.*, 532 F.3d 1154 (11th Cir. 2008), when there is "variation among the state appellate courts" the federal courts are "bound to decide the issue the way the Florida courts would have [and must] look to the decisions of the Florida appellate court that would have had jurisdiction over an appeal in this case had it been filed in state court." *Id*. at 1164 (citing *Farmer v. Travelers Indem. Co.,* 539 F.2d 562, 563 (5th Cir.1976))[4]. State courts located within the territory of the Miami Division of the United States District Court for the Southern District of Florida are thus "bound to follow decisions issued by the Third District Court of Appeal." *Id*. Accordingly, when *Cole* was issued, this Court was bound by *Cole* as "the first decision of a Florida district court of appeal to analyze the 'retroactivity' of Section 627.70152(3)(a)." *Pearson v. Scottsdale Ins. Co*., 681 F. Supp. 3d 1271, 1275 (M.D. Fla. July 10, 2023). Considering the Eleventh Circuit's guidance in *Bravo*, the subsequent holding in *Hughes* may have created a conflict within the appellate courts. However, on February 14, 2024, when the Third District Court of Appeals published its opinion in *Cantens v. Certain Underwriters at Lloyd's London*, 2024 WL 591695 (Fla. 3d DCA 2024), holding "that the presuit notice requirement of section 627.70152(3) is procedural, not substantive, in nature," this Court again became bound by that interpretation of the law. *Id*. at *3.

---

[4] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Plaintiff argues there has been no "clear-cut" change in the law as the Florida Supreme Court has recently accepted jurisdiction over *Hughes* to resolve the conflict among the Florida appellate courts. ECF No. [40] at 5; *See Univ. Prop. & Cas. Ins. Co. v. Hughes*, 2024 WL 1714497 (Fla. 2024). However, pursuant to *Bravo*, this Court is bound by *Cantens* despite the "variation" within the appellate courts. The mere possibility that the Florida Supreme Court "could rule contrary to the appellate court's decisions" in *Cantens* and *Cole* is not an indication that it would make such a change in the law. *Jesus Rock Ministries Inc. v. Scottsdale Ins. Co.*, No. 22-22895-CIV-ALTONAGA/Damian, 2023 WL 6975827, at *6 (S.D. Fla. Oct. 23, 2023) (quoting *Weiss v. City of Gainesville, Fla*. 462 F. App'x 898, 908 (11th Cir. 2012)). In Florida, "the rule is that, absent a decision from the state supreme court on an issue of state law, [federal courts] are bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently." *McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002) (citations omitted). For this reason, Plaintiff's reliance on cases from outside of the Eleventh Circuit to dispute the effect of *Cole* and *Cantens* have no bearing on Florida law and are unavailing. *See Riley v Filson*, 933 F.3d 1068 (9th Cir. 2019); *see also Venoco LLC v. Plains Pipeline*, No. 21-55193, 2022 WL 1090947 (9th Cir. 2022) (Hurwitz J., dissenting). Accordingly, this Court agrees with Defendant, there has been an intervening change in law with respect to the pre-suit notification requirement in Fla. Stat. § 627.70152(3) since this Court issued its Order and denied Defendant's motion to dismiss the complaint.

**B.  Reconsideration is Not Warranted**

The Court finds that although there has been a change in intervening law, that alone is insufficient to warrant reconsideration. *See Ritter v. Smith*, 811 F.2d 1398, 1401 (11th Cir. 1987) ("Though the above-mentioned cases plainly allow Rule 60(b)(6) relief where there has been a clear-cut change in the law, it is also clear that a change in the law will not *always* provide the

truly extraordinary circumstances necessary to reopen a case."). The Eleventh Circuit considers the following factors as relevant to determine wither extraordinary circumstances exist to warrant reconsideration under Rule 60(b)(6): whether a previous judgment, though final, was executed; timing as "[t]he longer the delay the more intrusive is the effort to upset the finality of the judgment;" whether a "close relationship" exists between the two cases at issue; and "'considerations of comity'" where a ruling may affect a state court judgment. *Mock v. Bell Helicopter Textron, Inc.*, 373 F. App'x 989, 991 (11th Cir. 2010) (citing *Ritter*, 811 F.2d at 1401-03).

As Plaintiff points out, the appraisal process is complete, and Defendant has already paid the appraisal award. The record in this case reflects that Defendant's counsel sent a check to Plaintiff which was delivered on October 25, 2023, in accordance with the appraisal award. ECF No. [33] at 2. Relief pursuant to Fed. R. Civ. P. 60(b)(6) is prospective relief and, as a general matter, "courts have refused to undo the past." *Ritter*, 811 F.2d at 1402. ("When a judgment has been executed a concomitantly greater interest in finality exists.")

Furthermore, the cases Defendant cites to as applying *Cole* did so at an earlier stage in the litigation. In *Jesus Rock*, the court granted defendant Scottsdale Insurance Company's motion for summary judgment. 2023 WL 6975827, at *7. In *Pearson v. Scottsdale Ins. Co.*, 681 F. Supp. 3d 1271 (M.D. Fla. July 10, 2023) the court granted defendant Scottsdale Insurance Company's motion for dismissal renewed within its motion for summary judgment. The court based its decision upon the application of *Cole*, which was issued after the parties' briefings were filed, but prior to the court's ruling. *Id*. at 1278, n. 3. As such, the cases Defendant relies on do not support reconsideration at this late stage. Nor do the factors expressed by the Eleventh Circuit in *Bell*

11

*Helicopter* and *Ritter* support Rule 60(b)(6) relief. Given the appraisal has been completed and the appraisal award paid on October 25, 2023, the Court declines to grant reconsideration.

In its Reply, Defendant raises a new issue not contained in its Motion. Defendant introduces an argument that since Plaintiff is not entitled to statutory fees or costs, granting its Motion would not prejudice Plaintiff. ECF No. [41] at 4. Pursuant to the Local Rules of the United States District Court for the Southern District of Florida, a "reply memorandum shall be *strictly* limited to rebuttal of matters raised in the memorandum in opposition. . . . No further or additional memoranda of law shall be filed and served without prior leave of Court." Rule 7.1(c)(1) (emphasis added). Defendant's argument regarding statutory fees and costs was not raised in Defendant's Motion, nor did Plaintiff have the opportunity to respond. This alone is sufficient reason to deny Defendant's argument.

Nevertheless, this Court notes that attorney's fees and costs were expressly excluded from the decisions in *Cole* and *Cantens*. *Cole* held that "the statutory right to attorney's fees is not a procedural right, but rather a substantive right" and the opinion expressly stated that subsection (8) of § 627.7052 for attorney's fees, was "not implicated at all." *Cole*, 363 So.3d at 1094. Similarly, in *Cantens*, the court made clear that its opinion only addressed the pre-suit notice requirement in subsection (3), and "application of other possible statutory requirements. . . including. . . attorney's fees . . . are not before us." *Cantens*, 2024 WL 591695, at *3. Although the court in *Pearson* denied that plaintiff's motion for a confessed judgment and attorney's fees as moot, it did so upon granting the defendant's renewed motion to dismiss the complaint. 681 F. Supp. 1271, 1278. Accordingly, Defendant's argument with respect to statutory fees and costs is without merit.

Case No. 22-cv-21362-BLOOM/Elfenbein

For the reasons stated above, this Court declines to grant Defendant's Motion for Reconsideration.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration**, ECF No. [35], is DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 15, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record